UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE McCLOUD, CDCR #C-42751<br><br>Plaintiff,<br><br>vs.<br><br>C/O T. BIRD-HUNT, et al.,<br><br>Defendants. | Case No.: 3:19-cv-00083-LAB-BLM<br><br>**ORDER DENYING MOTION TO RE-OPEN CASE**<br><br>**[ECF No. 7]** |

On January 10, 2019, Plaintiff, proceeding pro se and while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging three correctional officials at Richard J. Donovan Correctional Facility violated his Eighth Amendment rights by failing to protect him from attack at the hands of a fellow inmate on February 8, 2018, and denied him due process during an inmate appeals process following the incident. (*See* Compl., ECF No. 1 at 2-5.) He also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

Just two weeks later, on January 28, 2019, and before the Court had an opportunity to rule on his IFP or screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, Plaintiff filed a Notice of Voluntary Dismissal. (*See* ECF No. 5.)

Because no Defendants had yet to be served, and Fed. R. Civ. P. 41(a) permits dismissal without prejudice and without a court order, Plaintiff's Notice automatically terminated this action. *Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534–35 (9th Cir. 1987) ("A voluntary dismissal by a plaintiff [Fed. R. Civ. P. 41(a)] automatically terminates the action upon the filing of the dismissal with the clerk.").

Now, two months later, Plaintiff has filed a letter with the Clerk of the Court requesting to "re-file the case under the same case number," explaining that he now seeks to proceed because his administrative remedies have been exhausted. (*See* ECF No. 7 at 1, 2.) Plaintiff further asks that the Clerk of Court provide him with a copy of the Complaint he filed back in January because he did not keep a copy and is indigent. (*Id.*)

Because a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) is without prejudice however, and it is not clear that Plaintiff exhausted his administrative remedies pursuant to 42 U.S.C. § 1997(a) *before* he filed his Complaint in this case, the Court DENIES his Motion to re-open *this* case. *See Andres v. Marshall,* 867 F.3d 1076, 1078 (9th Cir. 2017) (noting that the "exhausti[on of] available remedies during the course of litigation d[oes] not comply with § 1997e(a)'s requirements," and that a prisoner "must exhaust his administrative remedies *prior to filing an action*.") (citing *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (emphasis added)).

Should Plaintiff wish to prosecute the claims originally alleged in this case, which he now contends have been exhausted, he should file a new and separate civil action, together with a new Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), which includes a certified copy of his trust account statements covering the 6-month period preceding the filing of his *new* Complaint. *See* 28 U.S.C. § 1915(a)(2).[1]

---

[1] Because Plaintiff is incarcerated at RJD, he must submit his new Complaint and IFP Motion electronically pursuant to S.D. Cal. General Order 653A. *See* S.D. Cal. Gen. Order 653A (describing pilot e-file program requirements for prisoners at RJD, Calipatria, and Centinela State Prisons).

**Conclusion and Order**

For the reasons discussed, Plaintiff's Motion to Re-Open this case is **DENIED** (ECF No. 7).

The Clerk of the Court is **DIRECTED** to provide Plaintiff with a copy of the Complaint filed on January 10, 2019 (ECF No. 1) for his reference and records; however, the Clerk will assign and supply him with a new civil case number should he elect to proceed by filing a new Complaint.

This civil action, Case No. 3:19-cv-00083-LAB-BLM, will remain closed.

**IT IS SO ORDERED**.

Dated: March 25, 2019

Hon. Larry Alan Burns
Chief United States District Judge